IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00728–DDD–MDB

FRANCISCO SERNA, and
AJHALEI SNOODY,

    Plaintiffs,

v.

CITY OF COLORADO SPRINGS,

    Defendant.

## ORDER

Plaintiffs filed this action against Defendants, City of Colorado Springs, Wynetta Massey, Darlene Kennedy and Dennis Baron, on March 23, 2023. Approximately four months earlier, the same Plaintiffs filed an action with overlapping facts against various Defendants, including the El Paso Board of County Commissioners of the County. *See Serna v. El Paso County*, No. 22-cv-02998-DDD-MDB (hereinafter referred to as "*Serna I*"). Since the instant case was the later-filed lawsuit in this district, the Court will refer to it as *Serna II*.

Here, as in *Serna I*, Defendants request a stay of discovery. (["Motion to Stay"], Doc. No. 36.) Plaintiffs responded. (["Response to Motion to Stay"], Doc. No. 43.) Defendants did not reply. Having considered the briefs, applicable law, and the Court's own experience with the parties in connection with both *Serna I* and *Serna II*, the Court finds a stay is warranted and the Motion to Stay is **GRANTED**.

## PRO SE SUMMARY

The Court is granting Defendants' Motion to Stay, which means this case will be on pause until the court resolves the forthcoming motion to dismiss. This is only a high-level summary of the Court's Order. The entire decision is set forth below.

## BACKGROUND

*Plaintiffs' Contentions*

Plaintiffs allege this action "is based on the taking of [their] property at 3740 Colorado Ave by El Paso County managed federal aid project NH C040 032 in which the City of Colorado Springs is acting as the acquiring agency." (Doc. No. 19 at 5.) They claim "[t]he City failed to give [them] basic acquisition rights such as a lawful appraisal for the basis of the offer of just compensation." (*Id.* at 5-6.) They also allege "[t]he City failed to give [them] constitutional notice of the City Council meeting so that [they] could be heard previous to the authorizing vote to use condemnation powers against [their] family." (*Id.* at 6.) They allege the City "sought *ex parte* motions that prevented [Plaintiffs] from submitting evidence at the valuation trial." (*Id.*)

Plaintiffs claim that at some point, they "were open to a good faith transaction with the City." (*Id.* at 8.) However, they "were offended by the City's offer and walked out of negotiations." (*Id.*) Plaintiffs allege that the "valuation trial transpired April 6-7, 2023," and "[t]he commissioners determined fair market value was $103k, not the appraisal value of $64,100." They further allege that "[t]he ascertainment of value was made while suppressing [their] fundamental rights to submit evidence, so the determined value does not represent just

2

compensation." (*Id.* at 9.) Plaintiffs purport to bring twenty-four counts[1] against various Defendants, including the City of Colorado Springs and City Attorney, Wynetta Massey. (*Id.* at 14-22.)

***Defendants' Contentions***

According to Defendants, "[t]his is the third time Plaintiffs have sued in federal court alleging violations of their Constitutional rights and rights under the Uniform Relocation Assistance Act ("URA") arising from an eminent domain proceeding in Colorado State Court." (Doc. No. 36 at 2.) Defendants describe the two additional suits as follows:

> In 2021, Plaintiffs sued El Paso County, the City, and several other government entities and individuals in the United States District Court for the Western District of Texas. The court dismissed Plaintiffs' claims for several reasons, including lack of subject matter jurisdiction. *Serna v. City of Colorado Springs*, No. 1:21-cv-939-LY, 2022 WL 17813791 (W.D. Tex. Aug. 26, 2022) (the "First Lawsuit"). In 2022, Plaintiffs filed suit against El Paso County, Jennifer Irvine (former El Paso County Engineer), and Steve Schleiker (former El Paso County Assessor) in the United States District Court for the District of Colorado. *Serna v. El Paso County*, No. 22-cv-02998-DDD-MDB (the "Second Lawsuit").

*Id*. The lawsuit that Defendants call the "Second Lawsuit," is the earlier-filed lawsuit in this district court, and the Court refers to it as *Serna I*.

***Defendants' Requests to Stay Litigation***

*Serna I* has been assigned to the same presiding judge and magistrate judge assigned to this action. In that case, the Court recently granted a stay of discovery. (*See Serna I* at Doc. No. 54.) In granting a stay of discovery in *Serna I*, the Court was informed by the parties' briefing as well as oral argument, which occurred on June 26, 2023. (*See Serna I* at Doc. Nos. 33; 42; 48;

---

[1] The counts in the First Amended Complaint begin at "Count One" and end at "Count Twenty Five," but Plaintiffs omit a twenty-first count. (*See* Doc. No. 19 at 22.)

3

54.) Because the Court has had several opportunities to hear from the various parties involved in *Serna I* and *Serna II*, it did not set oral argument on this Motion to Stay.

In this Motion to Stay, Defendants urge the Court to stay discovery pending resolution of their anticipated motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and immunity. (Doc. No. 36 at 2-3.) Defendants note their responsive pleading is not yet due and while "counsel would typically wait until a motion to dismiss is filed before filing a motion to stay….this situation is atypical," because "Plaintiffs have brought similar or identical claims in three different lawsuits—two of which are at different procedural stages before this Court." (*Id.* at 3.)

Plaintiffs respond with a reference to their objection in *Serna I*, where they purportedly argued "the Court lacks subject matter jurisdiction to grant preemptive *String Cheese* style discovery stays because the current rule for protective orders has replaced the rule's previous key language 'any order' and 'justice' for the language 'an order' and 'to protect a party.'" (Doc. No. 43 at 2.) They also argue this Court "continues to cite old language in issuing the *String Cheese* orders, which indicates that the necessary review of subject matter jurisdiction has not been performed." (*Id.* (referring to *Serna I* at Doc. No. 56).) Additionally, Plaintiffs also argue Defendants' Motion to Stay violates Rules of Professional Conduct 3.1, 3.3, and 3.4 because Defendants "attempt to pre-emptively evade all discovery," and seek "an unlawful order to facilitate the evasion of all discovery[.]" (Doc. No. 43 at 2-3.)

## LEGAL STANDARD

*Motion to Stay Discovery*

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

4

Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

A stay of discovery is generally disfavored, *see, e.g.*, *LS3, Inc. v. Cherokee Fed. Sols., LLC*, No. 1:20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *1 (D. Colo. April 8, 2015); *Rocha v. CCCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010), but the decision rests firmly within the sound discretion of the Court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, courts typically consider five factors: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010); *see, e.g.*, *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-

KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) (observing that a stay may be appropriate pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues).

### *Pro Se Plaintiffs*

Plaintiffs are proceeding *pro se*. The Court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's *pro se* status does not entitle her to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

As a threshold matter, the Court notes that Plaintiffs' pleadings and submissions here and in *Serna I*, are somewhat difficult to understand. Thus, on more than one occasion, the Court has

provided Plaintiffs an opportunity to articulate their concerns via conference with the Court. Most recently, the Court sought to understand what prejudice Plaintiffs might suffer in the event of a stay. But like their written submissions, Plaintiffs' oral arguments were hard to follow. The Court understands the difficulties associated with litigating *pro se*, and certainly it will construe Plaintiffs' submissions liberally, but it cannot apply a different standard to, for example, Plaintiff's Response, which appears to challenge the Court's reliance on the *String Cheese* factors, without developing the argument enough for the Court to reach the conclusion that it should set aside the *String Cheese* framework. Thus, in resolving the instant Motion, the Court applies the *String Cheese* factors, as it always does in determining whether to issue a stay.

**Plaintiffs' Interest in Proceeding Expeditiously.** Defendants argue that "Plaintiffs do not have an interest in the expeditious litigation of this case because Plaintiffs previously litigated identical issues in … to no avail." (Doc. No. 36 at 4.) In other words, according to Defendants, "Plaintiffs do not have a recognizable interest in the expeditious ***re-litigation*** of issues finally decided in a different forum." (*Id.* (emphasis in original).)

To accept that argument, however, the Court would have to compare this lawsuit to other lawsuits and determine the extent to which the facts, issues, claims, and parties are co-extensive. The Court will not conduct that kind of analysis here. Moreover, the Court has been able to glean a sense of urgency from Plaintiffs, and Plaintiffs have repeatedly communicated their strong desire to proceed with discovery. Thus, and construing Plaintiffs' pleadings and arguments liberally, the Court finds this factor weighs in favor of Plaintiffs and against a stay. *See generally Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020) (finding plaintiffs "undoubtedly have an interest in proceeding

7

expeditiously in this matter.").

**The Burden on the Defendant.** Defendants argue "[t]he second factor heavily favors a stay[.]" (Doc. No. 36 at 4.) They contend "the issues raised in this action are intertwined with those summarily disposed of in the First Lawsuit due to a lack of subject matter jurisdiction," and they argue that "Defendants' forthcoming motion to dismiss will dispose of this entire case[.]" (*Id.*) According to Defendants, "discovery pending a ruling on the same threshold issue will expose them to undue hardship," and they "should not have to exhaust public resources further to defend Defendants while the same dispositive issues finally decided in the Western District of Texas are re-litigated in Colorado." (*Id.* at 4-5.) Defendants also note their immunity defenses and argue that initiating discovery before those defenses are resolved would "effectively rob them of their immunity defenses." (*Id.* at 5.)

The Court agrees with Defendants that discovery in this case would impose an undue hardship given the history of this dispute. Defendants have already expended meaningful resources litigating related matters, and the Court suspects—based on its experience with the parties in *Serna I* and *Serna II*—that discovery in this case is likely to generate several disputes. Thus, the Court finds the second factor weighs heavily in favor of a stay. *See generally String Cheese*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."); *Estate of Burnett v. City of Colorado Springs*, No. 21-cv-01708-WJM-KMT, 2022 WL 218630, at *3 (D. Colo. Jan. 25, 2022); *Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding the second factor to weigh in favor of a stay, even though the

8

defendants failed to demonstrate that proceeding with discovery would be an *undue* burden, where such discovery "could be wasteful"); *see also Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011) (recognizing the burden on defendants in proceeding with discovery, where there was a pending motion to dismiss raising a statute of limitations argument); *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2-3 (D. Colo. June 7, 2013) (finding that the plaintiff's interest in proceeding expeditiously with the case was "overcome by the burden [the defendant] might face if it were forced to proceed with discovery," where the motion to dismiss "lodged colorable arguments" that the court lacked subject matter jurisdiction over the claims).

***The Convenience to the Court.*** The third *String Cheese* factor, convenience to the court, also weighs in favor of a stay. This District's general rule to proceed with discovery, even while a dispositive motion is pending, recognizes that there are "burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed." *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309 at *2 (D. Colo. May 9, 2007). However, in a case such as this, where the Court anticipates multiple disputes and a significant tax on judicial resources, a short pause could meaningfully conserve resources. At a minimum, the forthcoming motion to dismiss could narrow the twenty-four count complaint and allow for more targeted discovery and possibly fewer disputes. The third factor weighs in favor of stay.

***Interests of Non-Parties.*** As to the fourth *String Cheese* factor, Defendants point out that this case will involve other public entities as well as "employees of TRS Corp., who was the City's right-of-way acquisition agent for the public works project," and "Plaintiffs themselves

9

identify five non-parties that they may depose[.]" (Doc. No. 36 at 6.) The Court agrees with Defendants that these non-parties would be unduly burdened by discovery if the matter were to proceed, only for it to be later dismissed for lack of subject matter jurisdiction or otherwise. *See generally Adamson v. Volkswagen Grp. of Am., Inc.*, No. 22-CV-00740-CMA-MDB, 2022 WL 4767573, at *4 (D. Colo. Oct. 3, 2022). The fourth factor weighs in favor of a stay.

***The Public Interest.*** As to the fifth factor, there is no question that the general public's primary interest in this case is an efficient and just resolution. "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). However, under these facts and circumstances, a stay would promote the efficient and just resolution of the claims because the forthcoming motion could dispose of the entire case or—as noted above—narrow the twenty-four count complaint. If the Court were to allow Plaintiffs to proceed with discovery now, only to have the case entirely dismissed or substantially narrowed later, the public will pay twice—once in the form of public funds expended to defend the claims, and once in the form of judicial resources expended to resolve the disputes that will inevitably arise. On the other hand, if the forthcoming motion to dismiss is not successful, a short stay of the case will not rob Plaintiffs of their ability to fully litigate their clams to resolution. On balance, the public interest factor weighs in favor of a stay.

## CONCLUSION

On this record, then, having considered the *String Cheese* factors together, the Court concludes that a stay of discovery, pending resolution of the forthcoming motion to dismiss, is appropriate.

Accordingly, it is

**ORDERED** that the Motion to Stay (Doc. No. 36) is **GRANTED**. Discovery in this matter is stayed pending the resolution of Defendant's forthcoming motion to dismiss. If Defendants' motion to dismiss is denied in whole or in part, the parties shall file a Joint Status Report within 10 days of the order denying the motion, identifying any remaining claims and proposing relevant case deadlines.

The Clerk of Court is directed to mail a copy of this Order to Plaintiffs:

Francisco Serna & Ajhalei Snoddy
10107 FM 969
Austin, TX 78724

Dated this 7th day of August, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge